# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 7, 2018

```
* * * * * * * * * * * * *
NATHEN DIMAGGIO,                  *          UNPUBLISHED
                                  *
            Petitioner,           *          No. 17-1799V
                                  *
v.                                *          Special Master Gowen
                                  *
SECRETARY OF HEALTH               *          Petitioner's Motion for Dismissal
AND HUMAN SERVICES,               *          Decision; Human Papillomavirus
                                  *          ("HPV"); Peroneal Neuropathy.
            Respondent.           *
* * * * * * * * * * * * *
```

Scott W. Rooney, Nemes, Rooney, P.C., Farmington Hills, MI, for petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ENTITLEMENT[1]

On November 15, 2017, Nathen DiMaggio ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a human papillomavirus ("HPV") vaccine on July 22, 2014, he suffered a peroneal neuropathy with residual injuries and/ or complications lasting for more than six months. The information in the record, however, does not show entitlement to an award in the Program.

On December 7, 2018, petitioner filed a motion for a decision dismissing his claim. Petitioner's Motion (ECF No. 29). The motion provides that an investigation of the facts and science supporting the petition has demonstrated to petitioner that he will be unable to prove that she is entitled to compensation in the Vaccine Program. Id. at ¶ 1. The motion further provides that petitioner understands that a decision by the special master dismissing her petition will result

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

in a judgment against him and that such a judgment will end all of his rights in the Vaccine Program. Id. at ¶ 2. Petitioner intends to protect his rights to file a civil action in the future. Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action. Id. at ¶ 5.

Petitioner provides that respondent expressly reserves the right, pursuant to Section 15(e), to question the good faith and reasonable basis and to oppose, if appropriate, petitioner's application for costs. Id. at ¶ 4. Respondent does not otherwise oppose this motion. Id.

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that she suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that she suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). An examination of the record does not support a finding that petitioner suffered a "Table injury." Further the record does not contain persuasive evidence that petitioner suffered an injury that was caused-in-fact by the HPV vaccine he received on July 22, 2014.

Under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records do not establish causation for either a "Table Injury" or an "off-Table" injury which was caused-in-fact by the vaccine. Further, with regard to the "off-Table" injury, petitioner has not submitted an expert report in support of his claim. Petitioner has not met his burden of proof. Therefore, his claim cannot succeed and it must be dismissed. § 11(c)(1)(A).

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

2